IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40193
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PAUL BENITEZ CHAVEZ,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No.  V-96-CR-9-1
- - - - - - - - - - -
June 15, 1998

Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Appellant Paul Benitez Chavez (Chavez) argues that the

district court erred in admitting the December 7, 1995, tape-

recording of a drug transaction into evidence at trial because it

was not properly authenticated.  Chavez's argument that the

Government used the confidential informant to authenticate the

recording is factually inaccurate.  Sergeant Dubose was the

authenticating witness.  Because the Government offered testimony

with regard to the competency of the person operating the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

recording equipment, the fidelity of the recording equipment, and identification of Chavez as one of the relevant speakers, the Government met its burden of establishing authenticity. Therefore, the district court did not abuse its discretion by admitting the tape.  See United States V. Polk, 56 F.3d 613, 631 (5th Cir. 1995); see also United States v. Stone, 960 F.2d 426, 436 (5th Cir. 1992).

Chavez also argues that the tape is inadmissible because it is substantially inaudible.  Chavez did not raise this argument in the district court; therefore, we review for plain error. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1995)(en banc)(citing United States v. Olano, 507 U.S. 725, 731-37 (1993)).  We have reviewed the tape and conclude that the district court did not commit error, plain or otherwise, in admitting the tape.  See Polk, 56 F.3d at 632.

Last, Chavez contends that the second transcript of the tape is also inadmissible because it was given to him the day before his trial.  We have reviewed the record and conclude that any error was harmless inasmuch as the error did not influence the jury.  See United States v. Rodriguez, 43 F.3d 117, 123 (5th Cir. 1995).

AFFIRMED.